The Chief Justice

delivered the Opinion of the Court.
In 1834, William Chiles filed a bill in chancery against William Calk, as a non-resident; and against others as residents, of this state, praying for the subjection of land and choses in action alleged to be the property of the said William Calk, to the satisfaction of a debt claimed to be due from him to the complainant, on a promissory note due in the year 1809.
The act of 1797, (S.L. 98) subjecting nonresidents’ lands to their debts, by suits in ch’cery, requires that the bill shall be sworn to; and it must allege that the debtor has no personal property, or not enough, in the state, within the comp’nts knowledge. And, tho’ the act of 1837 may have dispensed with that allegation, it requires an oath to the bill. A decree obtained without the affidavit, (under either act) is erroneous. And query, whether it is not void where the necessary allegations and affidavits are wanting.
In March 1837, an amended bill was filed, apparently intended to restrict the claim to relief to real estate, and praying for the sale of William Calk’s interest in a specific tract of land; and which, accordingly, was finally decreed.
As the traverse, filed in obedience to the act of 1837, (Session Acts, 103,) required proof of all the material allegations of the bill and amended bill, and as there was no proof even of the alleged fact of non-residence, or of any other fact tending to rebut the presumption resulting from the long lapse of time since the note became collectible, it seems to us that it would have been proper to dismiss the bill for want of sufficient evidence of the continued subsistence of the alleged indebtedness.
But the whole procedure was fatally defective. There was neither any affidavit to the original bill, as required by the act of 1827 (1 Stat. Law, 98;) nor any allegation that William Calk owned “no personal property, or not “enough to pay and discharge the aforesaid debt or de“mand, in this state, within the knowledge of the com“plainant,” as also required by the same enactment, as indispensable to the right to subject real estate; nor, although the subsequent act of 1837, might perhaps be construed as dispensing with this allegation, was there any such affidavit to the amended bill, filed since the date of that enactment, as is required by it, to attach and sell the land of an absent defendant.
And upon this last ground alone, had there been no other, the decree for selling the land was erroneous, and should be reversed.
Whether it was void for want of jurisdiction, or was only erroneous, it might be premature and extra-judicial to suggest or consider in this opinion.
Wherefore, the decree is reversed, and the cause remanded.